The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, Arkansas 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion regarding a mayor's ability to give his assistant access to the clerk/treasurer's office. You have posed the following specific question:
 Can a mayor of a first class city allow his/her assistant[1] to have access to the elected clerk/treasurer's office?
The statutes and cases governing mayors and clerk/treasurers in cities of the first class do not specifically address the question that you have presented. Nothing in the law prohibits the mayor from granting the access that you have described. In addition, nothing in the law requires the clerk/treasurer to prohibit others from having such access.[2]
Although you have not stated the specific concern which gives rise to your question, the danger that the issue would appear to address is the disclosure of confidential information. In describing the record-keeping duties of city clerks and treasurers, the statutes do not impose any type of confidentiality requirement with regard to those records. See Ark. Code Ann. §§ 14-43-506 and -507. Indeed, the types of records described in those statutes are generally by their very nature public records, which any citizen of the State of Arkansas would have a right to review under the provisions of the Arkansas Freedom of Information Act (Ark. Code Ann. § 25-19-101 et seq.).[3] Therefore, the confidentiality concern, in and of itself, would not be sufficient to justify the clerk/treasurer or the mayor in prohibiting other employees from having access to the clerk/treasurer's office.
However, the concern about access to the office in question may arise out of particular responsibilities imposed by the city council (e.g.,
pursuant to Ark. Code Ann. § 14-43-504(b)(3)) or by the terms of the particular bond covering the officers and employees in question (which is required by state law — see Ark. Code Ann. § 14-58-308. This would be a matter of contract law.). These matters are outside the jurisdiction of this office. I would therefore encourage you to consult with the city's attorney regarding city-specific or bond-specific responsibilities that may be imposed upon the city's various officers and that may justify prohibiting access to the clerk/treasurer's office.
I therefore conclude that state law neither prohibits the mayor from granting his assistant access to the clerk/treasurer's office, nor requires the clerk/treasurer to prohibit others from having access to the office. However, either city council requirements or the applicable bonds may justify such prohibitions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] You have not stated whether the mayor's "assistant" to whom you have referred in your question is either the vice-mayor or assistant mayor of the city. If the "assistant" holds either of these offices, and if the mayor normally has access to the clerk/treasurer's office, then the "assistant" (i.e., vice-mayor or assistant mayor) would, by law, have access to the clerk/treasurer's office when the mayor is absent from the city or is unable to perform the functions of his office. See Ark. Code Ann. §§ 14-43-402, -403, -404, and 14-47-117.
[2] Several sources do address the issue peripherally, and although they are non-decisive of the matter, they are worth noting. For example, I have previously opined that a city ordinance directing that the mayor be provided with a duplicate set of keys to the file drawers maintained by the municipal clerk would be enforceable. See Attorney General Opinion No. 91-135, a copy of which is attached. (As you will note, the clerk maintained in that instance that he should have exclusive control of the files, subject to requests from the public and officials for specific information.) Another example is the Arkansas Supreme Court's opinion inPortis v. Bd. of Public Utilities, 213 Ark. 201, 209 S.W.2d 864 (1948). There, the Court held that in addition to the powers of municipal officers that are expressly addressed by the legislature or the constitution, municipal officers also have powers that are ". . . necessarily or fairly implied, or incident to the powers expressly conferred, or those powers which are essential or indispensable to the accomplishment of the declared purposes of the [municipal] corporation."Portis, 213 Ark at 205. These implied and incidental powers could be interpreted either to grant the mayor power to allow access to the clerk/treasurer's office, or alternatively, to grant the clerk/treasurer the power to prohibit access to the office, depending upon the purpose for which such access is sought and the purpose for which the clerk/treasurer seeks to deny such access. The resolution of that question would turn on a determination of whether those purposes were essential or indispensable to the "declared purposes" of the city, as well as on a balancing of those purposes.
[3] It should be noted that the Arkansas Freedom of Information Act contains various exceptions, the applicability of which must be determined on a fact-specific basis. This opinion does not attempt to address the question of whether any specific records are obtainable under the act. It therefore should not be interpreted as having done so.